(No. 5625)

JAMES RICHARD DUNCAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 12, 1972.*
*Petition of Claimant for Rehearing denied November 9, 1972.*

McBRIDE, BAKER, WIENKE AND SCHLOSSER, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

Claimant, James Richard Duncan, seeks to recover from the State of Illinois, compensation for time served by Duncan in a prison in the State of Illinois, at which time he alleged he was innocent.

This action is brought under the provisions of Ch. 37, Sec. 439.8(c), Ill.Rev.Stat., 1967.

The Statute allows recovery to anyone who is unjustly imprisoned in the State of Illinois providing he is innocent of the crime for which he was incarcerated. The Statute provides for various amounts of recovery depending upon the amount of time served.

At approximately 10:10 p.m. on the evening of October 4, 1959, Samuel Schwartz, a fifteen year old boy, was stabbed and killed on the elevated platform of the Chicago Transit Authority at 22nd and State Streets in Chicago, Illinois. There were no witnesses to this crime.

The State, in its prosecution, called Carl Remmer and Louis Mayberry, and both testified that they saw the accused at 2222 South State Street on the night in question

and related that he had told them he had just killed a "stud" on the elevated platform a few minutes before. These witnesses also testified that the defendant showed them the knife he had used.

A written confession given to the police on November 12, 1959, was also admitted into evidence. Defendant claims that the confession given to the police was the result of coercion and he further states that he did not give any oral confession to the witnesses above named.

Defendant claims that he was at a dance from 8:30 p.m. until midnight the night of the murder, which facts were corroborated by six other youths. This testimony is directly contradicted by four teen-age girls who testified that the defendant was at the elevated station shortly before the murder, although there was some difficulty by two of the girls in fixing the exact time that they had seen the defendant.

Defendant further testifies to cruelty and other acts of coercion by the Police Department in obtaining the confession.

Among the acts of coercion testified to by the defendant was that he had been placed in the "hole" for some 18 days prior to the alleged confession.

The record discloses that there is also another confession to this same murder by an individual by the name of Charles Baisten.

Defendant was tried and convicted of murder and his punishment was fixed for a term of 30 years, which finding was on the 26th day of January, 1960.

A Writ of Error of defendant's conviction was taken to the Illinois Supreme Court and in May, 1968, the Court reversed this conviction and the cause was remanded to the Circuit Court of Cook County for a new trial. The new trial

was granted and, on or about December 20, 1968, a jury in the Circuit Court of Cook County returned a verdict that defendant was not guilty of the murder of Samuel Schwartz and defendant was released from prison in the State of Illinois on that date.

He actually served from November 12, 1959, to December 20, 1968—a period of nine years.

The Supreme Court, in its decision, reversed the original conviction on the theory that the confession of Duncan was obtained by coercion.

It did not, however, pass upon the guilt or innocence of the accused and, as a matter of fact, this issue was completely ignored.

We, therefore, have before us the following situation: A fifteen year old boy murdered in a robbery attempt, the confession, upon which the original conviction was based, a finding of guilty, a serving of time by the defendant, a reversal of the original conviction by the Supreme Court on the theory that the rights of the accused were violated, and the second trial in which the original confession was apparently not available for the prosecution and a finding of "not guilty."

The Statute, under which this claim is pursued, is clear in that the claimant must prove his innocence in order to be entitled to an award by the Court of Claims.

The burden is upon the claimant to prove by a preponderance of the evidence (1) that the time served in prison was unjust, (2) that the act for which he was wrongfully imprisoned was not committed by him, and (3) the amount of damages to which he is entitled. *Joannia Derkins* vs. *State of Illinois*, No. 4904; *Tate* vs. *State of Illinois*, 25 C.C.R. Page 245. Cases therein cited.

We find that the claimant, James Richard Duncan, has

115

failed to prove his innocence of the crime for which he was originally imprisoned.

It is the opinion of this Court that the legislature of the State of Illinois and the language of Ch. 37, Sec. 439.8(c), Ill.Rev.Stat., 1967, intended that a claimant must prove his innocence of the "fact" of the crime. We do not believe it was the intention of the General Assembly to open the treasury of the State of Illinois to former inmates of its prisons by the establishment of their technical or legal innocence of the crimes for which they were imprisoned.

Claim denied.